8 F.3d 822
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Vincent Nathaniel SMITH, Defendant-Appellant.
 No. 93-5307.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: September 27, 1993.
Decided: October 15, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CR-92-199-N)
 Michael D. Kmetz, Norfolk, Virginia, for Appellant.
 Kenneth E. Melson, United States Attorney, William D. Muhr, Special Assistant United States Attorney, Norfolk, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED.
 Before RUSSELL and MURNAGHAN, Circuit Judges, and CHAPMAN, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 During the second day of his trial, Vincent Nathaniel Smith entered a guilty plea to charges of possession of crack cocaine with intent to distribute, 21 U.S.C.A. § 841 (West Supp. 1993), using or carrying a firearm in a drug trafficking offense, 18 U.S.C.A.s 924(c)(1) (West Supp. 1993), and being a felon in possession of a firearm, 18 U.S.C.A. § 922(g)(1) (West Supp. 1993). He appeals his sentence, alleging that the district court clearly erred in finding that 5.3 kilograms of crack were relevant conduct under guideline section 1B1.3(a)(2).* We affirm.
 
 
 2
 Smith was arrested on October 28, 1992. Authorities recovered 531.56 grams of crack from his apartment on that date. After being advised of his Miranda rights, Smith then made a statement in which he admitted selling crack from April 1990 until the day of his arrest. He described in detail how much cocaine he had bought and with what frequency, who his source was, and who sold for him. This information was used by the probation officer to calculate Smith's offense level. U.S.S.G. § 2D1.1. At sentencing, Smith objected to the consideration of drug amounts outside the offense of conviction. The district court determined that the other drug amounts were part of the same course of conduct as the offense of conviction and were properly considered. On appeal, Smith contends for the first time that his prior drug transactions were too remote in time to be part of the same course of conduct as the crack he possessed on the date of his arrest. Because this argument was not made in the district court, we review Smith's claim for plain error. United States v. Bornstein, 977 F.2d 112, 115 (4th Cir. 1992).
 
 
 3
 Guideline section 1B1.3(a)(2) provides that, for drug offenses and certain other offenses, all acts and omissions which were part of the same course of conduct or common scheme or plan as the offense of conviction are relevant conduct to be used in finding the base offense level. In deciding whether prior conduct was part of the same course of conduct as the offense of conviction, the district court looks for similarity, regularity, and temporal proximity. United States v. Mullins, 971 F.2d 1138, 1144 (4th Cir. 1992).
 
 
 4
 The government offered Smith's statement as evidence at the sentencing hearing. The district court found that it described continuous dealings without a break and with the same individuals. We find no plain error in the court's determination that Smith's prior drug dealing was part of the same course of conduct as the offense of conviction.
 
 
 5
 The judgment of the district court is therefore affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 United States Sentencing Commission, Guidelines Manual (Nov. 1992)